```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 05-2154(DSD/JJG)
```

Identix Incorporated, a
Delaware corporation,

       Plaintiff,

v.                                    **ORDER**

Tamara Behrmann, an
individual,

       Defendant.

    Andrew J. Voss, Esq., Jacy R. Grais, Esq., Susan K. Fitzke, Esq. and Littler Mendelson, 33 South Sixth Street, Suite 3110, Minneapolis, MN 55402, counsel for plaintiff.

    Adam A. Gillette, Esq., Steven A. Smith, Esq. and Nichols, Kaster & Anderson, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon plaintiff's motion for default judgment and to enjoin prosecution and defendant's motion to set aside the clerk's entry of default in favor of plaintiff. The court construes the parties' motions as cross-motions for summary judgment on plaintiff's declaratory judgment claim. Based upon a review of the file, record and proceedings herein, and the arguments of counsel at the hearing, the court grants summary judgment in favor of plaintiff.

**BACKGROUND**

This declaratory judgment action arises from a contract dispute. Plaintiff Identix Incorporated ("Identix") is a security technology company that provides products and systems for large-scale personal identification and identification management. Defendant Tamara Behrmann was a sales employee at Identix from 1998 to January 14, 2005. She earned a base salary plus commissions on sales. Behrmann's commissions were governed by a Sales Commissions Agreement ("commissions agreement"), which the parties executed most recently on August 22, 2004. (See Compl. Ex. A.) The commissions agreement requires that any unresolved dispute between the parties with respect to the agreement be submitted to arbitration, which "shall be conducted in Minneapolis, Minnesota." (Id. at 4.)

Behrmann resigned her position at Identix on January 14, 2005. In June of 2005, she gave notice that she intended to bring claims for unpaid commissions totaling $107,393.19, in addition to other claims not governed by the commissions agreement. (See id. Ex. C.) Behrmann did not file a lawsuit, but rather made a settlement offer. On September 8, 2005, Behrmann informed Identix that she would initiate civil proceedings in the Central District of the Los Angeles Superior Court if Identix failed to respond to her settlement offer by September 14. (See id. Ex. B.) On September 16, 2005, Identix filed this declaratory judgment action seeking,

among other things, an order compelling arbitration as set forth by the terms of the commissions agreement.

From October to December 2005, Identix's counsel, Andrew J. Voss, discussed settlement and possible arbitration with Behrmann's counsel, Stephen W. Hogie.  On December 5, 2005, Hogie faxed a letter to Voss demanding arbitration pursuant to the commissions agreement.  The attorneys continued to correspond about initiating arbitration, but failed to come to an agreement concerning applicable arbitration rules.  (See id. Exs. H-L.)  On December 28, 2005, Hogie submitted an arbitration application on Behrmann's behalf to the American Arbitration Association ("AAA") in Dallas, Texas.  He included a copy of the commissions agreement and a letter.  Hogie did not send a copy of the application to Voss or otherwise give Identix notice of Berhmann's application.  In the letter to the AAA, Hogie asserted that although the commissions agreement requires arbitration in Minnesota, he believed that Los Angeles, California, was the more appropriate venue.  (See Fitzke Aff. Ex. 4 at 2.)  The AAA apparently granted Hogie's venue request because on January 20, 2006, both Hogie and Voss received a letter from the AAA in California regarding rules and fees of arbitration in California.  (See id. Ex. 5.)

On January 31, 2006, Identix filed a motion for default judgment and to enjoin arbitration in California, based on Behrmann's failure to answer the complaint.  Identix also

3

petitioned the Clerk of Court to enter default pursuant to Federal Rule of Civil Procedure 55(a). On February 2, 2006, the Clerk of Court entered default against Behrmann. On February 24, 2006, Behrmann answered Identix's complaint, moved to set aside the entry of default and filed a memorandum in opposition to Identix's motion. Based on the briefing and oral arguments, it is apparent that the parties do not at this time dispute any issues of material fact or contract construction. The only issue presently before the court is whether it has the authority to enforce the arbitration forum selection clause in the commissions agreement. Therefore, the court construes the parties' motions as cross-motions for summary judgment on Identix's declaratory judgment claim.[1]

## DISCUSSION

**I.   Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[1] On March 20, 2006, the court informed the parties of its intention to treat their motions as ones for summary judgment and provided them an opportunity to respond. See Figg v. Russell, 433 F.3d 593, 597 (8th Cir. 2006) (court must provide sufficient notice of, and adequate opportunity to respond to, proposed sua sponte order of summary judgment). Neither party filed a response.

to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)).  "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." Adams v. Boy Scouts of Am.-Chickawaw Council, 271 F.3d 769, 775 (8th Cir. 2001).

**II.  Forum Selection Clause of the Agreement to Arbitrate**

It is undisputed that the commissions agreement requires arbitration to proceed in Minneapolis, Minnesota.  Behrmann argues, however, that the court does not have the authority to enforce the arbitration forum selection clause because the parties do not dispute that the claims at issue must be arbitrated.  Identix responds that the court has the authority to enforce the forum selection clause pursuant to section 4 of the Federal Arbitration Act ("FAA").  See 9 U.S.C. § 4.

The FAA provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement.... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.  When a party moves to compel arbitration, the court determines only whether the parties have entered a valid agreement

5

that commits the subject matter of the dispute to arbitration. Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1085 (8th Cir. 2001); see also Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (court decides "question of arbitrability," which is whether parties have agreed to submit dispute to arbitration). Thus the court limits its decision to issues that "'are essential to defining the nature of the forum in which a dispute will be decided.'" Larry's United Super, 253 F.3d at 1085 (quoting Great W. Mortgage Corp. v. Peacock, 110 F.3d 222, 230 (3d Cir. 1997)).

The court finds that it has authority to enforce the forum selection clause at issue because such enforcement is within the bounds of "defining the nature of the forum in which a dispute will be decided." Id. at 1085. Moreover, the plain language of the FAA, which directs the court to compel arbitration "in accordance with the terms" of an arbitration agreement, establishes the court's authority to enforce an unambiguous forum selection clause in a valid arbitration agreement. 9 U.S.C. § 4; see Sterling Fin. Inv. Group, Inc. v. Hammer, 393 F.3d 1223, 1225 (11th Cir. 2004) (FAA authorizes court to enforce forum selection clause in arbitration agreement); Bear Stearns & Co., Inc. v. Bennett, 938 F.2d 31, 32 (2d Cir. 1991) (same); cf. Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 451-52 (2003) (disputed issue is for arbitrator to decide when contract does not clearly resolve the issue and commits all disputes to arbitration); Prudential

6

Securities, Inc. v. Thomas, 793 F. Supp. 764, 767 & n.3 (W.D. Tenn. 1992) (declining to resolve forum selection issue in part because relevant language in arbitration agreement was ambiguous). Therefore, summary judgment in favor of Identix is warranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Summary judgment in favor of plaintiff is granted.

2.   Plaintiff's motion for default judgment and to enjoin prosecution [Doc. No. 6] is denied as moot as to default judgment and granted as to enjoining prosecution. Any and all disputes between the parties with respect to the Sales Commissions Agreement shall be arbitrated in accordance with the terms of that agreement, which includes proceeding with arbitration in Minneapolis, Minnesota. Defendant is enjoined from further prosecuting her AAA proceeding currently pending in California, insofar as that proceeding involves disputes with respect to the Sales Commissions Agreement.

3.   Defendant's motion to set aside clerk's entry of default [Doc. No. 17] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 4, 2006

                                          s/David S. Doty  
                                          David S. Doty, Judge  
                                          United States District Court